UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 SEP -4 AM 9:54
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Javier VALLE-Izazaga,<br><br>    Defendant | Magistrate Docket No.<br><br>'08 MJ 2720<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **September 3, 2008** within the Southern District of California, defendant, **Javier VALLE-Izazaga,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Ismael A. Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 4ᵗʰ DAY OF **SEPTEMBER, 2008**

_____
Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

DOA 09/03/08

CONTINUATION OF COMPLAINT:
Javier VALLE-Izazaga

## PROBABLE CAUSE STATEMENT

On September 3, 2008, at approximately 3:10 a.m., CBP Marine Interdiction Agents (MIA) were conducting routine patrol and encountered a vessel 1/8 of a mile west of Mission Bay jetty. MIA approached vessel CF in a marked CBP Marine vessel with the purpose of conducting a document check on the vessel, later identified as a 24' Maxum. CBP Agent Frith maneuvered the CBP vessel next to the suspect vessel and identified himself to the operator of the suspect vessel as a Customs and Border Protection Agent and asked who the owner of the vessel was. The operator stated that he didn't know. Agent Firth asked the driver how many individuals he had on board, and the driver stated "two". During questioning, the driver tried to maneuver his vessel away from the CBP marked vessel in an attempt to avoid MIA Agents from seeing inside the cabin. Agent Firth noticed a second subject standing in front of the cabin door and not in any of the many seats available on the vessel. Agent Firth and Border Patrol Agent Curtis boarded the vessel and encountered 13 individuals crammed inside the cabin space of the vessel. All subjects inside the cabin space were determined to be undocumented aliens from Mexico.

On September 3, 2008, at approximately 3:25 a.m., Border Patrol Agent A. Curtis identified himself as a United States Border Patrol Agent. Agent Curtis questioned a subject, later identified as the defendant **Javier VALLE-Izazaga**, as to his identity and his immigration status. The subject stated that his name was Javier VALLE-Izazaga. Agent Curtis asked VALLE about his citizenship and nationality. VALLE stated that he was born in Guerrero, Mexico. Agent Curtis questioned VALLE if he had any immigration documents that would allow him to enter or remain in the United States legally. VALLE stated that he did not.

On September 3, 2008, at approximately 3:30 a.m., all the subjects from the vessel including VALLE were placed under arrest and transported to the Imperial Beach Border Patrol station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **April 16, 2001** through **Calexico, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights. He stated he understood his rights, and was willing to answer questions without the presence of an attorney. The defendant admitted that he is a citizen and national of Mexico, illegally present in the United States, with no immigration documents that would allow him to enter or remain in the United States legally. VALLE stated he attempted to illegally re-enter the United States on September 3, 2008. VALLE stated he boarded a boat in Rosarito, Mexico and taken to open sea. VALLE stated the boat he was traveling in had eight people in it. VALLE states, the boat he was traveling in met up with a smaller boat that already had occupants. The boat VALLE was traveling in transferred all of their occupants, to the smaller boat for a total of 13 people. VALLE stated that he did not make the arrangements to be smuggled into the United States. VALLE does not know the cost for him to be smuggled in.